# McVey v. Parker.

*Bill in Equity to establish and enforce Trust in Lands.*

1. *Trust in lands; when declared on parol evidence.*—When a bill in equity seeks to establish and enforce a trust in lands, conveyed by deed absolute and unconditional on its face, the evidence must full, clear, and satisfactory: if the trust was declared in writing, but the writing is not produced, and no ex- cuse for its non-production is given, the trust can not be established upon parol evidence which is vague and uncertain.

APPEAL from the Chancery Court of Clarke.

Heard before the Hon. A. W. DILLARD.

The original bill in this case was filed on the 19th August, 1872, by Scott Parker and others, children of Zeno S. Parker and Rebecca Parker, his wife, both deceased, against Seth S. Parker, Averett McVey, and several other persons; and sought to establish and enforce a trust, in favor of the com- plainants, in certain lands which were conveyed by said Zeno S. Parker, by deed dated the 17th December, 1858, to said Seth S. Parker, and of which said Averett McVey and others were in possession, claiming under mesne conveyances from Mrs. Rebecca Parker, executed after the death of her hus- band. The deed from Zeno S. Parker to Seth Parker, in which Mrs. Rebecca Parker joined with her husband, recited the present payment of $10,675, as its consideration; con- veyed the lands, with ten negroes, and other personal prop- erty, with warranty of title, to said Seth S. Parker, and was

admitted to record, on the 25th December, 1858, on the acknowledgment of the grantor and his wife; and a copy of it was made an exhibit to the bill. The original bill alleged that this deed was founded "on a full and valuable consideration paid by said Seth S. Parker, and was coupled with a verbal agreement by him to sell and deed said land to said Mrs. Rebecca Parker and her children, whenever she paid him the amount he paid for said lands"; that Mrs. Parker paid this amount in full before her death; that Seth S. Parker had nevertheless failed and refused, though often requested, to convey the lands to her, or to the complainants since her death; and that McVey and the other defendants were in possession, denying the complainants' rights, and asserting title in themselves.

It appears that said Zeno S. Parker continued in the possession of the land until his death, which occurred in the latter part of the year 1858; and after his death Mrs. Rebecca Parker, his widow, continued in possession until some time in the year 1861, when she sold and conveyed to James A. Boothe, under whom, by subsequent conveyances through several other persons, McVey and the other defendants claimed, having been in possession since 1863. Mrs. Rebecca Parker died, intestate, in 1862, and her estate was finally settled and distributed before the bill in this case was filed. The prayer of the bill was, that Seth S. Parker be required to convey the legal title to the lands to the complainants; that the asserted claim of title by McVey and others be declared fraudulent and void; that an account be taken of the rents and profits of the land, and for general relief.

An answer was filed by Seth S. Parker, admitting the execution of the deed to him by Zeno S. Parker, but denying that he ever accepted it, or ever had possession of the land, or ever claimed any interest under the deed; denying, also, that he ever paid any money, as recited in the deed, or that Mrs. Rebecca Parker ever paid him any money, as alleged in the bill, or that any secret trust was coupled with the deed, as alleged; and alleging that the deed was executed by the grantor, for the purpose of delaying and defrauding his creditors. An answer was also filed by Averett McVey, claiming to be a *bona fide* purchaser for valuable consideration without notice; and the other defendants claimed under him. In passing on a demurrer to the bill, the chancellor held that the complainants could not have any relief, as against McVey and the other purchasers, without an allegation that they bought with notice of the asserted trust; and the bill was accordingly amended, by adding an averment to that effect. Another amendment was afterwards added, to meet the facts

stated in the answer of Seth Parker, by striking out the averments as to the consideration of the deed, and alleging that "said deed was without any consideration whatever, and without any actual grantee." Seth Parker died pending the suit, after having filed his answer and disclaimer; and the cause was not revived against his legal representatives.

On final hearing, on pleadings and proof, the chancellor held that the deed from Zeno Parker, never having been accepted by Seth Parker, the grantee, was null and void, but, not being void on its face, was a cloud on the title of the complainants as heirs at law of said Zeno Parker; and that their title as heirs at law was superior to that of the defendants, claiming as purchasers from Mrs. Parker, who had no title. He therefore rendered a decree, declaring null and void the deed from Zeno Parker, and annulling it; also declaring void and annulling the deed from Mrs. Parker to Boothe, except so far as it conveyed her dower interest in the land; and further, that the complainants were entitled to recover the possession of the land, and to an account of the rents and profits after the filing of the bill. From this decree McVey and the other defendants appeal, and here assign it as error.

THOS. H. PRICE, for the appellants.

WATTS & SONS, contra.    (No briefs on file.)

BRICKELL, C. J.—There are numerous errors in the course of the proceedings in the court below, which would compel a reversal of the decree of the chancellor, that we pass without special notice, confining our attention to such as are decisive of the merits of the controversy. The original bill rests the right of the complainants (the appellees) to relief on the ground, that the conveyance executed by their father, Zeno Parker, to Seth S. Parker, was attended with a trust for their benefit. Such trust, changing the character of the conveyance, which, in terms, is absolute and unconditional, must be proved fully, clearly, and satisfactorily, or it cannot be enforced, if in all respects valid and operative. The great weight of the evidence is, that the trust was declared in writing. The writing is not produced, nor is there any explanation of the cause of its non-production. If produced, all doubt and uncertainty as to the nature, terms, and existence of the trust, would be removed. In its absence, and without accounting for the absence, there can be no enforcement of the trust, upon parol evidence which is vague and uncertain.

The chancellor seems to rest his decree upon the ground,

that there was no delivery of the conveyance, and that it was without consideration. If such were the facts, what relief the appellees could obtain, we need not discuss. There is no evidence to support it, except the answer of the grantee, which, on the fact of delivery, is in conflict with the positive evidence of several witnesses, who were present when the conveyance was executed. The answer was not, however, evidence against the other defendants.

The decree must be reversed, and a decree here rendered, dismissing the bill at the costs of the appellees, in this court, and in the court below.